COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


ANABEL BASINGER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2968-98-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 6, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Jr., Judge

          Richard E. Gardiner for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Anabel Basinger (appellant) was convicted in a bench trial

of four counts of forgery, in violation of Code § 18.2-172, and

four counts of uttering and delivering a forged check, in

violation of Code § 18.2-172.  The sole issue raised on appeal is

whether the trial court erred in admitting expert testimony on a

handwriting comparison analysis.  Finding no error, we affirm.

     "Where the admissibility of expert testimony is challenged,

the standard of review is whether the trial court abused its

discretion."  Currie v. Commonwealth, 30 Va. App. 58, 64, 515

S.E.2d 335, 338 (1999).  "Relevant scientific evidence is

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

admissible if the expert is qualified to give testimony and the science upon which he testifies is reliable.  There also must be a connection between the evidence and the factual dispute in the case."  Farley v. Commonwealth, 20 Va. App. 495, 498-99, 458 S.E.2d 310, 312 (1995) (citations omitted).

In the instant case, Luther M. Senter, a forensic document examiner with the Division of Forensic Science, testified as an expert for the Commonwealth.  Senter had been employed by the Division of Forensic Science for four years and prior to that had worked for over thirty years for the Federal Bureau of Investigation.  As a document examiner, Senter examines handwriting and compares it to a known standard.  He has examined thousands of documents and has been qualified as an expert witness in state, federal and military courts in approximately 160 cases.

Senter compared the handwriting exemplars from appellant with the writing on the four checks in question.  He considered numerous handwriting characteristics, including "the formation of letters, . . . height relationship of letters, pen lifts, pen pressure, position of the writing relative to the base line writing, [and] the overall quality of penmanship represented by the questioned writing when compared with the known standards." Senter uses a hand held magnifying glass when performing analysis. He testified that this was an accepted method of analysis in his field.

The trial court found that Senter was qualified to testify as an expert in handwriting comparisons, and appellant does not challenge this finding on appeal.  Rather, appellant argues that the trial court erred in failing to make a threshold finding that the expert's method of handwriting comparison was scientifically reliable.  This argument lacks merits.

Contrary to appellant's contention, the trial court made a finding as to the reliability of handwriting comparison evidence. Overruling appellant's objection, the trial judge specifically found that "many courts have recognized this expertise."  We have previously held that "side-by-side comparison of genuine samples and alleged samples, by a party unfamiliar with the alleged writer's handwriting, is the sole province of the expert witness." Wileman v. Commonwealth, 24 Va. App. 642, 647, 484 S.E.2d 621, 624 (1997).  This has been the law in the Commonwealth for over one hundred years.  See Hanriot v. Sherwood, 7 Hans. (82 Va.) 1, 10 (1884); see also Charles E. Friend, The Law of Evidence in Virginia § 15-11 (5th ed. 1999) ("Today, however, it is firmly established that proof by comparison is proper.  It is, in fact, error to refuse to allow an expert witness to state an opinion based on such a comparison.").  Accordingly, appellant's convictions are affirmed.

                                                  Affirmed.